**Rufus W. DEAN, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education & Welfare, Defendant.**

**No. 419.**

United States District Court
E. D. Kentucky,
Catlettsburg Division.
April 17, 1959.

O. F. Duval, Olive Hill, Ky., for plaintiff.

Henry J. Cook, U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, District Judge.

By proper procedure the plaintiff sought an administrative determination that he was entitled to a period of disability and disability insurance benefits under the Social Security Act. 42 U.S. C.A. §§ 416 and 423. All administrative steps were taken and he was denied a recovery by a decision of the Referee and by the Appeals Council, Social Security Administration, Department of Health, Education and Welfare.

He brought this action November 12, 1957, asking that the decision of the Referee and Appeals Council be set aside and reversed and that he be granted the relief provided by the Social Security law for his alleged total and permanent disability. Jurisdiction of this court is conferred by 42 U.S.C.A. § 405(g).

On motion of the defendant this case was remanded to the Secretary of Health,

Education and Welfare, on January 27, 1958, for further action by the Secretary pursuant to the provisions of the statute. On January 12, 1959, there was filed in the record the decision of the Appeals Council which upheld and sustained the decision of the Referee denying the claim. The opinion of the Appeals Council concluded that "the claimant's physical condition did not at the time of his filing application preclude his engaging in any substantial gainful activity within the meaning of the statute."

I am of the opinion that the decision of the administrative agency should be reversed and that the plaintiff is entitled to recover on the prayer of his complaint.

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S. C.A. § 405(g); Butler v. Folsom, D.C. 1958, 167 F.Supp. 684.

The reviewing authority of the District Court is not unlimited for it may not substitute its inferences for those of the referee which are supported by substantial evidence. Ferenz v. Folsom, 3 Cir., 237 F.2d 46. See numerous cases cited in the opinion.

I find no substantial evidence in the record on which the Referee could have based his decision. All of the evidence contradicts his conclusions except his own observations of the plaintiff. Apparently all of the medical testimony was nullified on the ground that the claimant was a man who appeared to be in good health. The recorded testimony was to the effect that the plaintiff is a common laborer with no skill. He has a seventh grade education which has been of no practical benefit in increasing his earning power. He worked in a brickyard for thirty five years handling brick. Now at the age of fifty five he states that he is unable to do anything because of a severe pain in his back and hip joints; that he is unable to sleep without taking medicine; and that he never knows what it is to be without pain. To use his words, in answer to a question from the Referee, "What do you do with your life?", he stated, "I guess I live one of the most miserable lives as any man on earth. I get up in the morning. Wife, she keeps about thirty-five-forty hens out back, and I guess I water those chickens five or six times a day. It is close to the house. The bone specialist says I should keep walking as much as possible and set in the sun all I could—and that is pretty hard to do right now. And then my mail runs at around twelve o'clock and I have something like three hundred yards from the mail route. I go get my paper. I set and read awhile, and I have got to get up and walk awhile. And that's my day's occupation. I can't sit long in one place. I can't walk very long."

In addition to this his left leg is smaller than the other leg and he suffers from a stiffness in the back of his neck, lower back and legs. He has consulted three physicians of his own choice and one to whom he was referred by the Bureau of Rehabilitation Services. All four of these doctors testified and their diagnosis and prognosis of the plaintiff's condition are set forth in the record.

Dr. N. C. Marsh stated that the plaintiff was suffering from pain in the lumbo-sacral region and leg. The objective findings as diagnosed by X-Ray were degenerative disc at the lumbo-sacral interspace with hypertrophic arthritis in the lumbar spine area. This same doctor made a second report on an examination given the plaintiff about eight months after the first report in which he made an identical diagnosis and expressed the opinion that the plaintiff was totally and permanently disabled.

Dr. Marion G. Brown, an eminent orthopedic surgeon of Lexington, Kentucky, made a medical report based on an examination of the plaintiff on January 6, 1956, and stated that he was suffering from a marked narrowing of the lumbo-sacral interspace with large spurs bridging the lumbo-sacral interspace anteriorly. The report further stated that "after conservative therapy, consideration of decompression operation will be

**556**

considered but I would feel that the chances as regards improvement probably would not warrant this."

A year later the plaintiff was again examined by Dr. Brown and Dr. Richard M. French. The report showed that there was little change in the plaintiff's condition. It was stated, "We do not feel that this patient is able to do any appreciable amount of manual labor, particularly anything that uses the back."

Dr. William C. Roland, to whom the plaintiff was referred, stated that the plaintiff was suffering from "osteoarthritis involving spine and hip joints, advanced, severe," and "in my opinion, this patient is probably unemployable except for the lightest of sedentary occupations."

■ The court recognizes that the question is not to be resolved by opinion evidence and that medical men ought not to be asked or state their conclusions on the whole case and on the ultimate issue to be decided. That rule is laid down in United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617. The rule is more appropriately applied in the trial of jury cases, as was the Spaulding case, than in cases on review such as the case at bar. The court here considers the whole record and accepts this opinion evidence only as corroborative of positive proof from other sources.

The difficulty with the decision of the administrative agency is that the record is barren of any evidence to rebut or contradict the fact that the plaintiff is actually disabled from engaging in any substantial gainful activity and that this condition had existed continuously for a period of more than six full calendar months before he made claim and that the condition, according to the testimony of the doctors, might be expected to be of long-continued and indefinite duration. 42 U.S.C.A. § 416(i).

■ In the case of Helvering v. Davis, 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319, the Supreme Court aptly stated the purpose which Congress had in mind and the object sought to be accomplished by social security legislation. Where the question is a close one the doubt should be liberally construed in favor of the claimant. Carroll v. Social Security Board, 7 Cir., 128 F.2d 876.

On March 3, 1959, the Court of Appeals for the Sixth Circuit handed down an opinion in the case of Lietz v. Fleming, 264 F.2d 311, 313. The court stated, "We are naturally most prone to liberally construe the Social Security Act in favor of the party seeking its benefits, and if any basis in law exists to grant relief, we would so construe the Act." The medical testimony is so positive and unequivocal that it might be said, as was said by Judge Martin in Illinois Central Railroad Company v. Swift, 6 Cir., 233 F.2d 766, 768, that other evidence "is mere unsupported conjecture."

The plaintiff, at the time he testified before the Referee, was a man six feet tall and weighed approximately 180 pounds. He appeared to the Referee to be in good health, but the Referee made no physical examination and has no medical proof to sustain his conclusion that the testimony of the doctors and their clinical examinations and findings were incorrect.

■■ To say that this plaintiff can engage in a substantial gainful occupation is to be unrealistic. The Congress in enacting this legislation did not intend that it should be impossible for a person to bring himself within its terms and have the benefits which prompted its enactment. The claimant is incapable of carrying on any occupation except that of manual labor and all manual labor requires the use of the back. To speculate that he might engage in some other method of making a living as a reason for denying the claim is to lay down a precedent that would utterly destroy the worthy purposes of this legislation.

■ If it should be later determined that the plaintiff has ceased to be under a disability the Secretary may suspend the payment of benefits. 42 U.S.C.A. § 425; Dunn v. Folsom, D.C.1958, 166 F. Supp. 44.

The defendant's motion for summary judgment should be overruled. The opinion denying the claim of the plaintiff should be reversed and the plaintiff granted a period of disability from the date of his last work and such disability insurance benefits as he would have been entitled to had his initial application been approved. An order to that effect is this day entered.