Norman B. CAMPBELL, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 3956.

United States District Court
W. D. Kentucky,
at Louisville.

Feb. 24, 1961.

Robert J. Murphy, Martin Glazer, Louisville, Ky., for plaintiff.

William B. Jones, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

The complaint in this action seeks a judicial review of a decision by the Appeals Council of the Social Security Administration pursuant to Section 405(g) of the Social Security Act which authorizes the Court to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision with or without remanding the cause for a rehearing. But, it is provided that the findings of the Secretary *if supported by substantial evidence* shall

be conclusive. This action is presently before the Court on motions for summary judgment filed by counsel for each of the parties.

The decision of the Appeals Council involved here was made March 1, 1960, and reversed a decision of the hearing examiner, Thomas C. Fisher, reversing the decision of the Bureau of Old-Age and Survivors Insurance which denied an application filed by the plaintiff, Norman B. Campbell, on April 16, 1957. Campbell's application sought to have established a period of disability under the provisions of the Social Security Act, now Sections 416(i) and 423(c) (2) of Title 42 U.S.C.A.

The question to be determined in this cause is whether plaintiff, at the time he filed his application, was unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration.

Following the denial of his application by the Bureau of Old-Age and Survivors, the applicant requested a hearing before a hearing examiner. After a careful review of the history of applicant's symptoms of disability and complaints and the medical history introduced by the various doctors who have seen and treated him, the hearing examiner concluded that the applicant at the time he filed his application to establish a period of disability had, on June 13, 1956, a herniated intervertebral disc and that he had thereby become totally disabled within the meaning of the Act.

The Appeals Council on its own motion reviewed the hearing examiner's decision and determined that the applicant *had not* established inability to engage in any substantial gainful activity from the time alleged, June 13, 1956, and continuing without interruption and was, therefore, not entitled to a period of disability nor to the disability benefits under the Act.

This Court has concluded that the decision of the hearing examiner was supported by substantial evidence and that the decision of the Appeals Council should be set aside. Under the guidance of the teaching of the Supreme Court set forth in Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456, it cannot be fairly said from the evidence in this case that the Appeals Council's decision is supported by substantial evidence when viewed in the light of the record reflected in the findings of the hearing examiner. In the Universal Camera case, Justice Frankfurter said, "The substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

The Appeals Council's findings concede, as found by the hearing examiner, that the applicant was not a trained worker and was entirely unskilled; that he had been admonished by the doctors who examined him to restrict his activities and to wear a back brace, and that he was unable to lift or carry heavy objects, cut wood, or engage in any form of manual labor. While the Council's decision indicates that the applicant should be able to obtain sedentary or semi-sedentary jobs which require little or no training and which a person handicapped and of limited education might fill, it has not presumed to be more specific by designating a job or activity from which the applicant could consistently earn a livelihood.

The gainful activity must be continuous. Adams v. Flemming, D.C., 173 F.Supp. 873, 879. Substantial gainful activity means the performance of substantial services with reasonable regularity in some competitive employment or self-employment. It does not contemplate complete helplessness, and a sporadic or infrequent activity does not establish the ability to engage in the required gainful activity. To the same effect as the Adams case are Jacobson v. Folsom, D.C., 158 F.Supp. 281; Aaron v. Flemming, D.C., 168 F.Supp. 291, and other cases cited in those opinions.

In the case of Dean v. Flemming, D.C.Ark., 180 F.Supp. 553, 556, Judge Swinford said:

"To say that this plaintiff can engage in a substantial gainful occupation is \* \* \* unrealistic. The Congress in enacting this legislation did not intend that it should be impossible for a person to bring himself within its terms and have the benefits which prompted its enactment. The claimant is incapable of carrying on any occupation except that of manual labor and all manual labor requires the use of the back. To speculate that he might engage in some other method of making a living as a reason for denying the claim is to lay down a precedent that would utterly destroy the worthy purposes of this legislation."

The evidence in this case convinces this Court that the plaintiff, Norman B. Campbell, is disabled and qualifies for a period of disability and disability insurance benefits. This conclusion is founded upon the medical testimony. Dr. Charles R. Perry stated that the herniated lumbar disc established by the x-ray examination has almost completely incapacitated the applicant. The statement of Dr. S. Pearson Auerbach and Dr. John R. Levitas is that from the history of his injuries, the physical findings, and x-ray examinations they regard the applicant as unable to perform manual labor.

The history of the case as reflected in the testimony and briefs indicates that the applicant has not been able thus far to secure employment or to perform substantial services. It is, therefore, concluded that the testimony establishes facts which fully sustain the decision of the hearing examiner; that the decision of the Appeals Council is erroneous and should be set aside, and that the plaintiff is entitled to the establishment of a period of disability and to disability benefits from the date of his application, April 16, 1957.

If it is later determined that plaintiff has ceased to be under a disability, the payment of disability may be suspended. 42 U.S.C.A. § 425; Dunn v. Folsom, D.C.,

166 F.Supp. 44; Dean v. Flemming, supra.

The defendant's motion for summary judgment is overruled. The plaintiff's motion for summary judgment is sustained and his counsel will submit appropriate judgment in accordance with this conclusion.