**Edward E. RIALS, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1183.**

United States District Court
W. D. Kentucky,
at Paducah.

July 17, 1962.

J. Albert Jones, Paducah, Ky., Joseph J. Grace, Paducah, Ky., for plaintiff.

Wm. E. Scent, U. S. Atty., Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This action was brought under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare in which the Appeals Council refused to review a decision of the hearing examiner holding the plaintiff is not entitled to a period of disability under Section 216(i) of the Act, 42 U.S.C.A. § 416(i), nor to disability insurance benefits under Section 223, 42 U.S.C.A. § 423.

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C.A. § 405(g). Moreover, the reviewing authority of this Court is limited since it may not substitute its findings for those of the hearing examiner which are supported by substantial evidence. Dean v. Flemming, DC Ky., 180 F.Supp. 553; Ferenz v. Folsom, 3 Cir., 237 F.2d 46. There is no dispute between the parties as to these points.

Disability is defined in 42 U.S.C.A. § 416(i) as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

Each of the parties to this action has filed a motion for summary judgment. Therefore, the question to be determined by the Court is whether the transcript of the record contains substantial evidence to support the Secretary's finding that the plaintiff is not entitled to a period of disability and disability insurance benefits under the Act.

Plaintiff's condition has been diagnosed by his doctors as osteomyelitis of the right femur. October 26, 1956, he filed an application to establish disability because of this condition and on the same date he also filed an application for disability insurance benefits. Plaintiff alleged in the applications that he had been disabled from February, 1956. The Bureau of Old-Age and Survivors Insurance determined that he was not under a disability, stating:

"The medical evidence above considered with applicant's work history, education, and activities do not reveal an impaired condition that meets a level of severity which would be expected to prevent engagement in SGA [substantial gainful activity]. It is held that the applicant is not under a disability."

Another application seeking a period of disability and disability insurance benefits was filed on July 27, 1959. In

that application, as in the previous one, plaintiff alleged disability from February, 1956 due to osteomyelitis. In denying the application, the Bureau of Old-Age and Survivors Insurance said:

"The applicant does not have a severe impairment which would prevent all types of SGA. He has a varied work history and could persue many different types of occupations. Presently his osteomyelitis is arrested and symptoms are not severe. In view of this evidence his claim is denied."

Upon plaintiff's request, his second application was reconsidered and he was notified of the Bureau's disallowance on January 29, 1960. Subsequently, plaintiff filed a request for a hearing, stating: "The same trouble has moved into my left hip also that I have in my right leg. I am not able to go at times."

May 24, 1960, plaintiff appeared before a hearing examiner at Paducah, Kentucky. In addition to plaintiff's testimony, eleven medical reports representing the finding and opinions of six doctors who had examined plaintiff were introduced at the hearing. All of the doctors diagnosed his condition as osteomyelitis and reported that they considered him unable to perform work of manual type. Four of the doctors stated that they advised plaintiff not to work after examining him on the following dates: Dr. T. T. Brackin, Jr., January 28, 1957; Dr. John T. O'Neill, January 30, 1957; Dr. Benjamin F. Bradford, February 22, 1957, and Dr. Holmes G. Sargent, July 27, 1959. Dr. Donald C. Haugh examined plaintiff on September 12, 1959, and reported: "The leg is very painful and he is unable to work for any length of time without the pain and swelling returning." Following his examination on March 19, 1960, Dr. S. L. French reported that plaintiff's right hip was two inches less than the left and the right calf one-half inch less than the left and expressed the opinion that he could not perform laboring type work.

A letter addressed "To Whom it May Concern", dated May 10, 1960, from the Kentucky Department of Economic Security, Division of Children's Services, was also introduced in evidence at the hearing. It read as follows:

"This is to certify that the condition of the above named person [plaintiff] has been known to the Division of Public Assistance since 1956. He has had annual examinations to determine his physical fitness to support his family, and at no time has any improvement of permanent nature been noted. Following the report of X-ray and bone examination by orthopedist, Dr. S. L. French, 7/28/59, the Review Team of the Division of Public Assistance declared, 10/7/59, that further examination of this patient will not be needed as his disease is of a permanent nature."

Defendant relies heavily on the case of United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617, to support his contention that the doctors' opinions as to plaintiff's total and permanent disability are without weight. The hearing examiner stated this contention as follows:

"Some of the doctors have reported that claimant is totally and permanently disabled in their opinion. Such opinions, however, are not controlling. If they were there would be little need for administrative adjudicative process and we would be foreclosed from looking into the facts and findings upon which these opinions are based. As a matter of fact, most of these opinions are not based on clinical or laboratory tests."

Judge Swinford very adequately disposed of the same contention in Dean v. Flemming, DC Ky., 180 F.Supp. 553, 556:

"The court recognizes that the question is not to be resolved by opinion evidence and that medical men ought not to be asked or state their conclusions on the whole case and on the ultimate issue to be de-

cided. That rule is laid down in United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617. The rule is more appropriately applied in the trial of jury cases, as was the Spaulding case, than in cases on review such as the case at bar. The court here considers the whole record and accepts this opinion evidence only as corroborative of positive proof from other sources.

"The difficulty with the decision of the administrative agency is that the record is barren of any evidence to rebut or contradict the fact that the plaintiff is actually disabled from engaging in any substantial gainful activity and that this condition had existed continuously for a period of more than six full calendar months before he made claim and that the condition, according to the testimony of the doctors, might be expected to be of long-continued and indefinite duration."

In the case at bar, no evidence appears in the record to rebut that introduced by the plaintiff. Only the two determinations of no disability by the Bureau of Old-Age and Survivors Insurance contradict the plaintiff's evidence presented to the hearing examiner. Those determinations apparently were based on some of plaintiff's early medical reports and not on a personal examination made to determine his condition. However, the hearing examiner concluded:

"Based upon the evidence in this case and the applicable law, the hearing examiner has no alternative but to find and conclude that the claimant has failed to establish inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination thereof, which can be expected to result in death or to be of long-continued and indefinite duration and to establish that such disability was sufficiently severe so as to preclude any substantial gainful activity, starting at a time when he met the earnings re-

quirements of the Act and continuing without interruptions until the date of his latest applications."

The hearing examiner supported his conclusion with the opinion that there were other fields of endeavor open to plaintiff which would provide substantial gainful activity. During the hearing, plaintiff was asked the following questions:

"Q. Is there any reason why you couldn't do a light job, not heavy or farm work, but some light job? Is there any light work like operating an elevator or being a timekeeper or a checker, or counting the people as they come in or go off from work? Aren't there many minor sedentary occupations that a man with your physical impairments even, but with your intelligence, and you are intelligent because you've indicated by your understanding of the questions that you are above the average in intelligence * * *

"A. If I had no high blood pressure and no asthma so I could breathe * * *

"Q. You think you could do something?

"A. Yes, if I had no high blood pressure, But like it is, I can't.

"Q. You are afraid you can't do it?

"A. No, because if your blood pressure was up and if you should have a stroke or something, as my doctor has already warned me, or a heart attack, why there you'd be.

"Q. Well, I just wanted to get your reaction to that * * *"

The hearing examiner stated in his opinion:

"Undoubtedly, this claimant has been unable to carry on his usual work in his usual manner but it has not been established by the evidence that he has been unable to engage in any substantial gainful activity, particularly light or sedentary work. Claimant still has the residual capacity of moving about, handling

objects, seeing, hearing, speaking, understanding and reasoning and he has the capacity to also engage in many normal activities. Although claimant may suffer from pain while engaging in physical activities, it should be pointed out that many people engage in physical work as well as many trades, businesses and professions while suffering more or less constant pain. In saying these things it is not meant to imply that the claimant is a well person."

With reference to similar statements in Dean v. Flemming, supra, 180 F.Supp. at page 556 of his opinion, Judge Swinford said:

"To say that this plaintiff can engage in a substantial gainful occupation is to be unrealistic. The Congress in enacting this legislation did not intend that it should be impossible for a person to bring himself within its terms and have the benefits which prompted its enactment. The claimant is incapable of carrying on any occupation except that of manual labor and all manual labor requires the use of the back. To speculate that he might engage in some other method of making a living as a reason for denying the claim is to lay down a precedent that would utterly destroy the worthy purposes of this legislation."

In Roberson v. Ribicoff, 6 Cir., 299 F.2d 761, our Circuit Court of Appeals considered this problem and, at page 763 of the opinion, said:

"The administrative decision in this case does not measure up to our adopted standard. Not only was there no substantial evidence to show that appellant could engage in some substantial gainful activity; but, also, there was no evidence that employment was available to appellant in those fields of endeavor which the hearing examiner found him capable of handling. In fact, all the evidence points to the conclusion that appellant cannot engage in any substantial gainful work;

and it is mere speculation to say that he can get a job as a furniture repairer, when the uncontradicted testimony is that he has to lie down three or four times each day to relieve the pain in his leg."

July 6, 1962, the Court of Appeals for the Sixth Circuit decided the case of Holbrook v. Ribicoff, 305 F.2d 933, and quoted with approval its opinion in Roberson v. Ribicoff, supra. In the Roberson case the rule is announced that, where there is no substantial evidence to show that an applicant can engage in some substantial gainful activity and no evidence that employment is available to an applicant in the fields of endeavor which a hearing examiner may think him capable of handling, the applicant is entitled to the benefits of total disability. The opinions in the Holbrook and Roberson cases quote the following statement from Kerner v. Flemming, 2 Cir., 283 F.2d 916, 921:

"Such a determination [that applicant is unable to engage in a substantial gainful activity] requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do? Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available."

■ We conclude from the evidence in the record here that no substantial evidence was presented to show that plaintiff could engage in some substantial gainful activity and no evidence that employment was available to plaintiff in those fields of endeavor which the hearing examiner indicated he thought plaintiff would be capable of handling. Holbrook v. Ribicoff, 6 Cir., 305 F.2d 933; Roberson v. Ribicoff, 6 Cir., 299 F.2d 761; Hall v. Flemming, 6 Cir., 289 F.2d 290; King v. Flemming, 6 Cir., 289 F.2d 808; Seldomridge v. Ribicoff, DC Pa., 204 F.Supp. 707.

Defendant's motion for summary judgment is overruled; plaintiff's motion for

summary judgment is sustained; the opinion denying the claim of plaintiff is reversed; this cause is remanded to the Social Security Administration for further proceedings in conformity with this opinion, and an order to that effect is this day entered.