**Stanley CLEMOCHEFSKY, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 7681.**

United States District Court
M. D. Pennsylvania.
Sept. 17, 1963.

Robert W. Munley, Scranton, Pa., for plaintiff.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for defendant.

NEALON, District Judge.

On November 4, 1959, Stanley Clemochefsky made application to the Social Security Administration to establish a period of disability as provided in 42 U.S.C.A. § 416(i) and for disability insurance benefits under 42 U.S.C.A. § 423. The Bureau of Old Age and Survivor's Insurance denied the application in January of 1960 and affirmed the original denial after a request for reconsideration had been made.

Pursuant to claimant's request a hearing was held in Scranton, Pennsylvania, on September 26, 1961, at which time Mr. Clemochefsky and his physician, A. F. Antognoli, M. D., testified before a Hearing Examiner. Also before the Examiner were the claimant's original application, the Bureau's claim representative's contact reports and the written examination reports of Drs. E. J. McGuire, Albert J. Cross and John E. Swift, all of whom were retained at Government expense. On November 27, 1961, the Hearing Examiner determined that the claimant was not entitled to disability insurance benefits. A request for review of the Hearing Examiner's decision was submitted to the Appeals Council of the Social Security Administration and the request was denied. This denial became the final administrative decision on the claim and constitutes the decision of the Secretary of Health, Education and Welfare.

On April 30, 1962, Mr. Clemochefsky filed a complaint in this Court, asking that the decision of the Appeals Council be reviewed, reversed and set aside, and a period of disability established. The Government filed an answer asking for judgment dismissing the complaint, and finally, on January 22, 1963, the Government filed a motion for summary judgment, contending that the transcript and entire record of the administrative proceedings disclose that the decision denying Mr. Clemochefsky's claim was supported by substantial evidence.

Arguments on this motion were heard on May 31, 1963, and the matter has been submitted for determination.

 It is elementary in cases of this nature that the Secretary's findings of fact and the reasonable inferences drawn therefrom are conclusive if they are supported by substantial evidence. Ferenz v. Folsom, 237 F.2d 46 (3d Cir., 1956). The Statute, 42 U.S.C.A. § 405 (g), is specific on this point. However, Courts must now assume more responsibility than some Courts have shown in the past for the reasonableness and fairness of decisions of Federal agencies, and

reviewing Courts must be influenced by a feeling that they are not to abdicate the conventional judicial function. Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ The Statute requires that the claimant prove he has a disability, i. e., that he is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. 42 U.S.C.A. § 423(c) (2). The Act is remedial and is to be construed liberally. Celebrezze v. Bolas, 316 F.2d 498 (8th Cir., 1963).

■■ Disability must be established by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion and it must be based on the record as a whole. National Labor Relations Board v. Columbia Enameling & Stamping Company, 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660 (1939); Universal Camera Corporation v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The determination of the presence of substantial evidence is to be made on a case-to-case basis. Celebrezze v. Wifstad, 314 F.2d 208 (8th Cir., 1963). It is for the Court then to determine whether there was substantial evidence in the record to support the findings of the Examiner that Mr. Clemochefsky was not precluded by his physical condition from substantial, gainful activity. Boyd v. Folsom, 257 F.2d 778 (3d Cir., 1958).

■ A two-part test has been established to determine the existence of the required disability—(1) what is the extent, if any, of the claimant's physical or mental impairment, and (2) does the impairment result in his inability to engage in any substantial, gainful activity? Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D.Pa.1959).

There seems to be little question in this case that claimant suffers some physical impairment. The record shows that examining physicians on both sides agree that he is suffering from anthracosilicosis in the second stage and is totally and permanently blind in the left eye; also that he is suffering a cardio-renal disease causing an enlarged aortic heart. Plaintiff's doctor also finds that claimant suffers from arthritic changes of the joints and emphysema in both lung fields. The claimant himself asserts that he suffers shortness of breath at the least exertion, i. e., walking up an incline or climbing steps; that he can only walk a city block without any trouble, and then only "if he takes it real easy and takes a rest in between." He also complains of arthritic pains in his shoulders, hands and legs. Indeed, the Examiner specifically found that claimant was unable to continue his usual occupation as a miner, miner's helper or general company laborer in view of his respiratory condition.

In light of the existence of a physical impairment, the questions forming the crux of the controversy, therefore, are: (1) what work, if any, is he physically capable of doing in this condition; (2) is he qualified by reason of age, education and background for the kind of work he is physically capable of doing, and (3) are there jobs available to him for which he is suited?

To answer the first question we must analyze the reports of the doctors who examined the claimant.

The claimant's own physician, after specifically pointing out claimant's physical limitations, concluded that he was "totally disabled from employment." The inference being that any kind of employment will aggravate and worsen the claimant's condition and jeopardize his health. The other examining physicians do not say what he is physically capable of doing without endangering his health. Dr. Swift says he is an industrial hazard and that he would be a liability to any employer who put him near machinery or in a place where dust was a prominent feature. Then, without any medical testimony as to the physical movements and activities this physically impaired man can safely perform, the Doctor concludes that "he should be able

to do light work as a janitor, maintenance man or similar employment." Dr. Cross also says that claimant can do light work of a general nature without any specific findings of what he is safely capable of doing.

Examining physicians, in cases of this nature, should set forth the physical facts that form the basis for their general conclusions concerning ability or inability to perform certain types of work. The conclusionary phrase, "light work of a general nature", means nothing to Examiners unless they know what the claimant is capable of doing physically without endangering his life or aggravating his existing physical impairment. I believe it is an unreasonable and unfounded conclusion to say, on the basis of the evidence in this record, that claimant can perform light work as a janitor or maintenance man and I question any opinion which equates "light work" with the duties which must be performed by a janitor or maintenance man. It is difficult to understand why janitorial or maintenance work is classified as "light work."

 The Examiner expressly relies on claimant's statement that he is able to drive his car about once a week, and go fishing a few times a month and take care of his personal requirements, as showing an ability to work. But the claimant's ability to perform the simplest of tasks should not disqualify him from benefits under the Social Security Act. The disability which the claimant must show need not be commensurate with "helplessness, bed ridden or at death's door." Aaron v. Fleming, 168 F. Supp. 291 (M.D.Ala.1958). In attempting to show his disability the claimant is not required by the use of a catalogue of the nation's industrial occupations to go down the list and virtually negative his capacity for each of them or their availability to him as an actual opportunity for employment. Butler v. Flemming, 288 F.2d 591 (5th Cir., 1961). The claimant must be able to perform substantial services with reasonable regularity in some competitive employment or self-employment. Foster v. Ribicoff, 206 F.Supp. 99 (W.D.S.C. 1962). Congress in enacting this legislation did not intend that it should be impossible for a person to bring himself within its terms and have the benefits which prompted its enactment. Campbell v. Flemming, 192 F.Supp. 62 (W.D.Ky.1961).

 Although the Examiner is the finder of fact and his findings are entitled to great weight, the reviewing Court cannot close its eyes to factual realities in order to solidify and validate the Examiner's findings. Therefore, the present record is incomplete and does not justify the Examiner's conclusions that this physically impaired claimant is, nevertheless, able to engage in substantial, gainful activity.

As to the second question, i. e., claimant's qualifications for the type employment he is physically capable of performing, the record reveals that at the time of the hearing Mr. Clemochefsky was fifty-six years of age. He had only eight years of formal education and no vocational training. He had spent all his adult life, from 1921 to 1958, working in and around anthracite coal mines as a miner, miner's helper and general company laborer. His employment required little other than physical strength and fitness and a willingness to work. It can readily be seen that claimant by education, background and experience is fit for little other than physical labor. There is no testimony or evidence that he can safely do more. There is not a whit of evidence in the record indicating that claimant has maintenance or janitorial qualifications. The record should explore more fully the problem of claimant's qualifications for the employment he is physically capable of performing.

The final question to be considered is: Are there jobs available to claimant for which he is suited?

 The Third Circuit Court of Appeals has recently stated in Hodgson v. Celebrezze, 312 F.2d 260 (3d Cir., 1963): "Not only must '[t]he capabilities of the individual * * * be viewed in context with his own physical, educational and

78

vocational background'," Sobel v. Flemming, 178 F.Supp. 891 (E.D.Pa.1959), "but also the following question must be asked and resolved: '[W]hat employment opportunities are there for a man who can do only what applicant can do?'" Mere theoretical ability to engage in substantial, gainful activity is not enough if no reasonable opportunity for this is available. Kerner v. Flemming, 283 F.2d 916, 921 (2d Cir., 1960). The capabilities of the claimant must be considered in relationship with the industrial complex in which he finds himself. Ellerman v. Flemming, 188 F.Supp. 521 (W.D.Mo. 1960).

In Farley v. Celebrezze, 315 F.2d 704 (3d Cir., 1963), our Circuit Court of Appeals stated further: "Cases under 42 U.S.C. §§ 416(i) and 423 must be decided on a case by case basis, depending on the particular facts of each separate litigation. It is difficult to apply general formulae to meet what is indigenous to each claimant who urges a specific disability." Farley further holds that it need not be necessarily impossible for claimant to find work for him to be entitled to disability benefits. The word "any" substantial, gainful activity must be read in the light of what is reasonably possible, not what is conceivable. It was not the intention of Congress to exact as condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment. Here, as in Hodgson and Farley, there is a suggestion that claimant can perform light work of a general nature, such as a janitor or maintenance man. Even if he were fit for such work, the possibility of plaintiff, with his physical impairments, age and educational background obtaining employment of this nature is not shown to be a reasonable one.

Adopting the language of Hodgson, when the record is tested by the principles set forth above, there fails to appear substantial evidence to support a finding necessary to the Secretary's determination that there existed a reasonable opportunity for Mr. Clemochefsky to engage in a substantial, gainful employment. Neither the bare suggestion in a medical report that the claimant might be able to work as a janitor or maintenance man, nor the less specific allusions in the reports to "light work of a general nature" constitutes such evidence.

Although claimant has the burden of proof, the satisfying of that burden must be judged in a practical way. Bernstein v. Ribicoff, 192 F.Supp. 138 (E.D.Pa.1961). Once proper medical evidence, buttressed by subjective evidence from claimant, has shown a sufficiently severe impairment, it must be determined if such impairment, plus claimant's educational and work status, preclude any substantial, gainful activity. Blankenship v. Ribicoff, 206 F.Supp. 165 (S.D.W.Va.1962). In cases of this kind, where the claimant alleges inability to engage in substantial, gainful activity, and his personal physician, the man in whose charge claimant has entrusted his health, claims likewise, if examining physicians are to dispute this contention, they must give the medical basis for their opinions. It is not sufficient to say that a man suffers some form of physical impairment yet can do "light work." It must be shown medically that he can perform the physical activities certain jobs require without serious aggravation to present physical impairment or to general health. Otherwise, the Hearing Examiner's findings would amount to pure speculation. Specific findings are essential to support ultimate facts—the absence of such findings will render the basis for the Examiner's findings insufficient as a matter of law. Seldomridge v. Ribicoff, 204 F.Supp. 707 (E.D.Pa. 1962).

Viewing the record as a whole, there is not substantial evidence to support the final decision of the Secretary. For the reasons set forth above, this matter will be reversed and remanded.