Lena **DEVILLE**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 18570.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

Dec. 10, 1973.

A. Bruce Rozas, Mamou, La., for plaintiff.

Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

NAUMAN S. SCOTT, District Judge:

The plaintiff, Lena Deville, brings this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision by the Secre-

tary of Health, Education and Welfare that the plaintiff was not entitled under § 216(i) to the establishment of a period of disability and to disability insurance benefits under Section 223, 42 U.S.C. § 423. The Secretary and the plaintiff have each filed a Motion for Summary Judgment.

The plaintiff filed an application for a period of disability and for disability insurance benefits on October 29, 1971, alleging that she became unable to work on July 15, 1970 due to ulcers and a heart condition. At plaintiff's request, a hearing was held and on August 29, 1972 the Hearing Examiner found that the earnings requirement of the law was last met on March 31, 1971, and that the plaintiff was not under a disability as contemplated under the Social Security Act on or before that date.

In support of his decision the Hearing Examiner proffered the following conclusion:

"The documentary medical evidence does not substantiate any significant impairment. Certainly there is nothing that is medically equivalent to the Appendix to Regulations No. 4, Subpart P. The Examiner has given very careful consideration to the testimony of Dr. Perron. The doctor cannot really find any significant impairment involving the heart. He states that cardiac disease was a 'presumptive diagnosis'. His testimony is in light of a negative master's test. The Examiner cannot, in good conscience, give any weight to such a diagnosis. Turning to the observations regarding a possible emotional difficulty (which claimant does not allege) this has not been demonstrated by objective psychiatric findings. It is merely Dr. Perron's 'opinion' that claimant's basic problem is psychoneurosis. Be that as it may, this examiner has held many hearings involving individuals with a so-called psychoneurosis. In fact, hardly a day passes that this examiner does not meet someone who is not neurotic or anxious. Indeed, if individuals were not anxious, it is hardly likely that they would ever accomplish anything.

"Concerning claimant's alleged stomach ulcer, this condition can be controlled by diet and medication. In extreme cases surgical procedure is successful. In any event, the examiner has personal knowledge of stomach ulcers since 1947. Yet, by diet and medication, despite extreme emotional stress and pressures, has managed to continue in everyday work activities and personal activities." (Tr. 18).

It is well recognized by the court that the person seeking the benefits of the statute has the burden of proving his claim of disability. Hayes v. Celebrezze, 349 F.2d 561 (5th Cir. 1965); Jenkins v. Gardner, 430 F.2d 243 (6th Cir. 1970), cert. denied, 400 U.S. 1001, 91 S. Ct. 472, 27 L.Ed.2d 452 (1971). The scope of this court's review is limited to determining whether there is substantial evidence to support the findings of fact by the Secretary. It is not the function of this court to "reweigh the evidence". Rome v. Finch, 409 F.2d 1329 (5th Cir. 1969); Knox v. Finch, 427 F.2d 919 (5th Cir. 1970); Cross v. Finch, 427 F. 2d 406 (5th Cir. 1970). However, if in viewing the total record, there is not substantial evidence to support the Secretary, then the court is duty-bound to render a decision favorable to the claimant:

"Substantial evidence [is] more than a scintilla but less than a preponderance . . .. In short, the courts are not to try the case de novo. At the same time, they must not abdicate their traditional functions; they cannot escape their duty to scrutinize 'the record as a whole' to determine whether the conclusions reached are rational . . .. If they are, they must be upheld; but if, for example, *reliance has been placed upon one portion of the record to the disregard of the overwhelming evidence to the contrary,* the courts are equally bound to decide against the Secretary." (Emphasis supplied) . . . Thomas v.

Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).

Section 223(d)(2)(A) of the Social Security Act, 42 U.S.C. § 423(d)(2)(A), provides:

"An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work . . . ."

■■ The elements of proof, or factors to be taken into account in assessing disability, were listed in the recent case of Gold v. Secretary of HEW, 463 F.2d 38, 41 (2d Cir. 1972), as follows:

"(1) The objective medical facts;

(2) Diagnoses or medical opinions based on these facts;

(3) Subjective evidence of pain and disability testified to by the claimant and family or others;

(4) The claimant's educational background, age, and work experience."

The plaintiff does not contend, nor does the medical evidence reveal, that she suffers constantly from peptic ulcers. However, the evidence does reveal that Mrs. Deville suffers from a form of nervous stress and strain and emotional disturbance which when aggravated by work manifests itself in the form of peptic ulcers, and thus prevents her from engaging in any substantial gainful activity.

Mrs. Deville was born on July 1, 1920, has had only approximately two years of formal education. The only occupation she has ever pursued has been that of a maid in the hospital, and prior to terminating her employment in July of 1970,

the plaintiff had done this type of work for approximately 15 years. At the hearing she testified that for some years prior to the termination of her employment she suffered from nervousness, emotional strain and periodic severe abdominal pain. The fact that Mrs. Deville had had recurrent peptic ulcer disease for several years was attested to by Dr. Frank P. Savoy, Jr., a general surgeon who was also plaintiff's employer, in a medical report dated August 3, 1972 (Tr. 105), as well as the testimony of Dr. Roderick Perron, another treating physician who appeared at the hearing as claimant's witness.

Dr. Perron testified that since February of 1971, he had been treating Mrs. Deville for peptic ulcer disease, which he found would improve with rest, diet and medication, but which he felt became symptomatic with stress and exertion at work regardless of the fact that the normal individual would probably not be so affected. He stated that claimant's basic problem was one of psychoneurosis which caused severe abdominal pain and recurrently resulted in the formation of peptic ulcers. Because of her inability to cope with her work, and because the strain of her work aggravated her infirmities, he felt she was totally disabled from any type of labor.

Although Dr. Savoy had hospitalized Mrs. Deville on May 11, 1970, with a diagnosis of peptic ulcer of the duodenum, he felt that the peptic ulcer disease was actually a result of "reactive depression". Dr. Savoy specifically stated in a medical report that "she is also suffering with reactive depression of such severity that she is totally disabled from any type of labor. A side result of her reactive depression is her peptic ulcer disease. She had to quit in 1970 because of these conditions." (Tr. 105).

An additional report dated June 7, 1972 by Dr. Samuel J. Stagg echoes the findings of Doctors Savoy and Perron. Dr. Stagg stated that he had been seeing Mrs. Deville as a patient since December 13, 1971, for treatment of disease in the gastro-intestinal system and that even

as late as the date of the report she was continued on medication for ulcer and hypertension although he felt that her ulcer was healed. He stated, "I am sure that any stressful situation would be aggravating to Mrs. Deville's hypertension and her gastro-intestinal problems" (Tr. 107).

The Hearing Examiner, in his decision, relies heavily on statements by the physicians, taken out of context, which indicate some improvement of the plaintiff's various ailments during the course of treatment. However, they do not anywhere indicate that Mrs. Deville is *cured*, but only that her situation improved with treatment.

Heavy reliance is also placed upon a sentence in Dr. Stagg's report which indicates that Mrs. Deville was capable of doing "light or sedentary work". However, if the report of Dr. Stagg is viewed in its entirety, it does not conflict with the diagnosis of the other physicians. It should be pointed out that Dr. Stagg was unable to say whether or not a particular type of work or just work in general would be aggravating, and although he felt that at that time Mrs. Deville could perform a job requiring light physical labor, he stated that he would defer an opinion pending the outcome of trial and error.

Even if this isolated sentence of Dr. Stagg's opinion is in conflict with the opinions of the other physicians, we find that this is not substantial evidence that the plaintiff was able to engage in substantial gainful activity. On the contrary, we agree with a statement of the court in Clemochefsky v. Celebrezze, 222 F.Supp. 73, 78 (M.D.Pa.1963):

"In cases of this kind, where the claimant, alleges inability to engage in substantial gainful activity, and his personal physician, the man in whose charge claimant has entrusted his health, claims likewise, if examining physicians are to dispute this contention, they must give the medical basis for their opinion. It is not sufficient

to say that a man suffers from some form of physical impairment yet can do 'light' work. It must be shown medically that he can perform the physical activities certain jobs require without serious aggravation to present physical impairment or to general health. Otherwise, the hearing examiner's findings would amount to pure speculation."

We find that the Hearing Examiner's decision is not supported by substantial evidence in that he ignored the testimony of the plaintiff and her treating physician, substituted his own lay knowledge and experience in the place of uncontroverted medical evidence, and placed undue emphasis on only a portion of the record without considering the record as a whole.

"The [examiner] has not viewed the record as a whole. He has almost wholly discounted the uncontradicted, unexplained, and undenied testimony and the reports of the two [doctors]. He has placed undue reliance on one portion of the record, . . . to the disregard of overwhelming evidence to the contrary." Billips v. Richardson, 344 F.Supp. 812, 816 (W.D.Va. 1972).

Accordingly, we find that there is no substantial evidence upon which to base the decision of the Hearing Examiner in this case, and that to the contrary, there is more than substantial evidence, a reasonable preponderance, that claimant suffers and has been suffering prior to March 31, 1971 from ailments permanent in nature caused by her employment which totally prevent her from returning to her former job at the hospital. As the uncontroverted evidence revealed that the plaintiff could not do much cooking nor any housework, we can perceive of no substantial gainful activity in which the plaintiff can engage. Plaintiff's Motion for Summary Judgment is hereby granted and defendant's motion is denied.

The case is hereby remanded to the Secretary for the establishment of a pe-

riod of disability and payment of benefits to Mrs. Deville.

In accordance with Local Rule 9(e), plaintiff should submit a judgment for execution.