### Joseph A. DeMANDRE

v.

### Caspar WEINBERGER, Secretary of Health, Education and Welfare.

#### Civ. A. No. 75–2174.

United States District Court,
E. D. Louisiana.

March 26, 1976.

---

Harris M. Dulitz, New Orleans, La., for plaintiff.

Ford J. Dieth, Asst. U. S. Atty., Fort Polk, La., for defendant.

ALVIN B. RUBIN, District Judge:

This is a suit by a former tug boat deckhand under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the denial by the Department of Health, Education & Welfare of disability insurance benefits claimed under 42 U.S.C. §§ 416(i)(1) and 423(d)(1). The issue is whether the claimant was capable of engaging in substantial gainful activity in the last

half of the 1973 calendar year.[1] The following chronological chart summarizes the facts:

*June 19, 1973*—The plaintiff was injured when he slipped on a barge.

*July 19, 1973*—The plaintiff was examined by Dr. Earl Rozas. His knee was swollen and he was in pain. The knee was aspirated.

*July 25, 1973*—The plaintiff was examined by Dr. Joseph J. Frensilli. The doctor's prognosis was relatively positive, but the doctor noted swelling, tenderness and crepitus (grating sensation). He thought that osteoarthritic changes, coupled with the plaintiff's heavy weight, could be causing the pain the plaintiff was feeling. Nevertheless, the doctor expected that the plaintiff would be able to return to work and that in about six weeks the knee problem would be resolved.

*September 7, 1973*—The plaintiff was examined by Dr. Roger Blitz. He was still experiencing swelling, pain and weakness of the knees. The doctor felt that the plaintiff should not do any bending or climb stairs. He characterized the plaintiff as having a 15% disability in both legs that would prevent him from returning to his previous work. He expressed no opinion about other employment.

*September 14, 1973*—Dr. Rozas noted that he had anticipated releasing the plaintiff for work on September 11 but the plaintiff had not kept his appointment.

*October 15, 1973*—Dr. Frensilli concluded that, although the plaintiff suffered from pain, weakness, locking of the left knee and other disability, he could return to full duty. (The Administrative Law Judge later called this "overly optimistic").

*January 2, 1974*—Dr. Blitz noted that the plaintiff's lumbosacral condition was progressing slowly and that his knee condition still considerably hampered his movement. He apparently did not feel that the plaintiff could then return to work.

*April 3, 1974*—The plaintiff filed his application for disability benefits.

*April 10, 1974*—Dr. Frensilli noted that osteoarthritic changes had occurred and he agreed that a patellectomy of the left knee was required.

*May 22, 1974*—Dr. Blitz noted that a patellectomy (knee operation) would have to be performed.

*July 31, 1974–October 10, 1974*—The plaintiff was hospitalized and knee surgery performed.

*January 6, 1975*—The plaintiff was examined by Dr. Roger Blitz who determined that there was a 20% total disability, plus a temporary total disability of the left leg until certain muscles were adequately developed. He did not feel that the plaintiff could return to work as a tug boat captain.

*January 30, 1975*—Hearing before the Administrative Law Judge. There was testimony by a vocational expert that the plaintiff could engage in sedentary employment (such as work in an assembly line, inspection, or receiving clerk) during the period beginning June 30, 1973 (the time from which eligibility is determined). However, the expert qualified his testimony by saying that even so-called sedentary jobs might well require standing, bending over, walking and climbing stairs for shorter or longer periods of time. The expert was very vague on this point; however, the Administrative Law Judge continued to remind him that certain of the jobs mentioned (especially shipping clerk) would probably require considerable bending, walking and climbing. [See e.g. p. 33 of the transcript lines 7 through 25.]

*February 19, 1975*—The Administrative Law Judge determined that the plaintiff

---

1. The Act defines disability as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a continuous period of not less than 12 months." 42 U.S.C. 416(i)(1). The 12 month period began, in this case, on June 30, 1973, the date the earnings requirement was last met.

was not eligible for disability benefits. The judge noted, "At the present time, for the past several months, and possibly for a considerable period into the future, the claimant is probably unemployable," but he found that the condition had not existed continuously since June 30, 1973. Referring to the vocational expert's testimony, the judge stated: "For a several month period, there was no medical proscription against the claimant seeking or performing employment in the areas mentioned heretofore."

Although medical testimony in the record is inconclusive, the judge appears to have determined that, during the period in question, the plaintiff was "unable to stand for more than a few minutes or walk more than half a block or to work where it is required that he constantly has to bend over, he is unable to stoop . . . ." (p. 35 of the transcript, p. 10 of the findings). In spite of this finding, the judge decided that the plaintiff was capable of work, apparently basing this decision solely on the testimony of the vocational expert.

■ Once a claimant demonstrates that he was disabled during the qualifying period, the burden shifts to the government to show that he is capable of engaging in substantial gainful activity. *DePaepe v. Richardson,* 5th Cir. 1972, 464 F.2d 92; *Stark v. Weinberger,* 7 Cir. 1974, 497 F.2d 1092; *Trice v. Weinberger,* N.D.Ga.1975, 392 F.Supp. 1193. The judge must make an assessment of job opportunities that are realistically, not merely theoretically, available to the claimant. *Hodgson v. Celebrezze,* 3 Cir. 1966, 357 F.2d 750; *Ratliff v. Gardner,* W.D.Va.1968, 279 F.Supp. 869, 872.

■ It is not enough for the judge to point vaguely to a narrow area of possible employment and assert that such work is suitable as long as the claimant does not stand, bend, climb any stairs or walk for more than several paces. *Deville v. Secretary of HEW,* W.D.La.1973, 368 F.Supp. 574, at 577; *Clemochefsky v. Celebrezze,* M.D.Pa.1963, 222 F.Supp. 73, at 78. It must be shown by competent medical testimony that the claimant is capable of performing the physical activities that the jobs available to him require.

The Administrative Law Judge had concluded from medical records that the claimant was not consistently able to stand, stoop, bend and climb stairs during the time in question. Although it is not necessary to point to specific jobs immediately available, the purpose of the disability legislation would be frustrated if eligibility were denied on the basis of speculation that the claimant might be able to perform some work within a narrowly circumscribed area of employment. The vocational expert in this case, upon whom the Administrative Law Judge appears to have relied, expressed the view that claimant could work on an assembly line which would not require considerable bending, climbing stairs, standing and walking.

It is not necessary to have a degree in vocational counseling to observe that virtually any job, except one designed for a handicapped person, is likely to require walking to and from the employee's post, occasional bending, standing while waiting, and possibly some climbing stairs.

■ Judicial review of the Secretary's decisions is limited. The Secretary's decision will be reversed only when there is no substantial evidence to support it, *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). However, the claimant's eligibility is not to be evaluated in terms of a completely unrealistic standard. The ability to vend pencils or apples on a street corner is not the ability to engage in "substantial gainful activity." *Pendergraph v. Celebrezze,* M.D.N.C.1966, 2255 F.Supp. 313. In this case, an improper legal standard has been applied to the evidence. The case is remanded, pursuant to the authority granted in 42 U.S.C. 405(g), for findings on exactly what claimant's condition was during the last half of 1973. If he concludes that the plaintiff's physical disability does not result in unemployability, the judge should identify a reasonably

788

broad range of jobs that a person with claimant's disability could perform.